UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BRANDY MOLINA,  )
 ) 2:08-cv-02975-GEB-GGH
          Plaintiff, )
 ) <u>ORDER TO SHOW CAUSE</u>
     v. ) <u>AND CONTINUING STATUS</u>
 ) <u>(PRETRIAL SCHEDULING)</u>
CREDITORS SPECIALTY SERVICE, INC., ) <u>CONFERENCE; FED. R. CIV.</u>
 ) <u>P. 4(m) NOTICE</u>
          Defendant. )
_____)

        The December 8, 2008, Order Setting Status (Pretrial Scheduling) Conference ("December 8 Order") scheduled a status conference in this case for March 30, 2009, and required the parties to file a joint status report no later than fourteen days prior to the status conference. The Order further required that a status report be filed regardless of whether a joint report could be procured. No status report was filed.

        Plaintiff is Ordered to Show Cause ("OSC") in a writing filed no later than 4:00 p.m. on April 13, 2009, why sanctions should not be imposed against her and/or her counsel under Rule 16(f) of the Federal Rules of Civil Procedure for her failure to file a timely status report. The written response shall also state whether Plaintiff or her counsel is at fault, and whether a hearing is requested on the

1

OSC.[1]  If a hearing is requested, it will be held on April 27, 2009, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date.  In accordance with the requirements set forth in the December 8 Order, a status report shall be filed no later than fourteen days prior to the status conference.

Further, if service of process has not been completed on or before April 6, 2009, Plaintiff shall show cause in a filing by April 7, 2009, why this action should not be dismissed for failure to serve Defendant within Rule 4(m)'s 120-day time service period.

IT IS SO ORDERED.

Dated:  March 23, 2009

GARLAND E. BURRELL, JR.
United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged."  Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985).  Sometimes the faults of attorneys, and their consequences, are visited upon clients.  In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).