IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRANDY MOLINA,
    Plaintiff,

  v.

CREDITORS SPECIALTY SERVICE, INC.,
    Defendant.

02:08-cv-02975-GEB-GGH

ORDER DISCUSSING ORDER TO SHOW CAUSE AND CONTINUING STATUS (PRETRIAL SCHEDULING) CONFERENCE

Plaintiff's counsel's response to the Order to Show Cause issued on March 23, 2009, erroneously indicates that the Court lacks case management authority to have required Plaintiff to file a status report since service of process had not been effected on Defendant, that Plaintiff's counsel's clerical staff's error in scheduling the due date for filing a status report is not sanctionable conduct, and that counsel's negligence in failing to file the status report is not sanctionable conduct. Plaintiff's counsel's is wrong on each point. To impose sanctions under Rule 16(f) of the Federal Rules of Civil Procedure, "[i]t need not be shown that the party to be sanctioned was acting recklessly or in bad faith. Negligent failure to comply with Rule 16 [scheduling deadlines] justifies imposition of appropriate sanctions." California Practice Guide: Federal Civil Procedure Before Trial, § 15:81; see also Ayers v. City of Richmond, 895 F.2d 1267, 1269-70 (9th Cir.1990) (upholding sanction where counsel failed to appear for a settlement conference because the date "slipped by him");

Ikerd v. Lacy, 852 F.2d 1256, 1258-59 (10th Cir.1988) ("Neither contumacious attitude nor chronic failure is a necessary threshold to the imposition of sanctions under Rule 16 ...."). The primary purpose of sanctions in the Rule 16 context "is to insure reasonable management requirements for case preparation." Matter of Sanction of Baker, 744 F.2d 1438, 1441 (10th Cir.1984); see also 1983 Advisory Committee Notes to Fed.R.Civ.P. 16(f) ("[The] explicit reference to sanctions reenforces the rule's intention to encourage forceful judicial management."). Thus, violations of the scheduling deadlines in a Rule 16 order are not merely technical or trivial, but involve a "matter most critical to the court itself: management of its docket," and the avoidance of unnecessary delays and problems in the administration of its cases. Baker, 744 F.2d at 1441.

Further, while "[i]t is certainly understandable that attorneys frequently choose to delegate [their case calendaring responsibilities to clerical staff], it should never be forgotten that the attorney of record is ultimately responsible for [compliance with court dues dates]." Dela Rosa v. Scottsdale Memorial Health Systems, Inc., 136 F.3d 1241, 1244 (9th Cir. 1998). The Rule 16 filing requirements in this case "were not whimsically created by [me because I] derive some sort of pleasure from the policing functions that the existence of such [deadlines] necessarily entail[]." Id. Counsel is expected to comply with each deadline and risks being involved with sanctions procedures for noncompliance.

The March 23, 2009 Order also required Plaintiff to file a "status report . . . no later than fourteen days prior to the

[April 27, 2009] status conference." (Dkt. No. 5, Order, at 2:4-5.) No status report was filed. Counsel just responded to the OSC, but indicated the probable status of the case in that filing. Plaintiff should have filed a status report in which he at least explained how he planned to prosecute this action and when he would prosecute it. It appears evident that Plaintiff's counsel is oblivious to his status report filing requirements.

Since Plaintiff again failed to file a timely and informative status report, the filing schedule issues, and Plaintiff is warned that if he fails to comply with this Order he and/or his counsel could be sanctioned, and this action could be dismissed.

No further service, joinder of parties or amendments to pleadings is permitted, except with leave of Court, good cause having been shown. Since no reason has been provided justifying discovery, no discovery is allowed. The status (pretrial scheduling) conference scheduled for April 27, 2009, is continued to July 29, 2009 at 9:00 a.m. Plaintiff shall file a status report no later than fourteen days prior to the July 29 scheduling conference in which Plaintiff is only required to explain the status of the default proceeding, and, if that matter has not been prosecuted since the filing of this Order, why this action should not be dismissed for failure of prosecution.

Dated: April 24, 2009

GARLAND E. BURRELL, JR.
United States District Judge

3