IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRANDY MOLINA,

      Plaintiff,                     No. CIV S-08-2975 GEB GGH

vs.

CREDITORS SPECIALTY
SERVICE, INC.,

                                    ORDER
      Defendant.
_____/

        Plaintiff's motion for entry of default judgment against defendant Creditors Specialty Service, Inc. ("defendant"), filed September 15, 2009, was submitted on the record. Local Rule 230(h). Also before the court is plaintiff's motion for attorneys' fees and costs, filed September 15, 2009. Upon review of the motion and the supporting documents, and good cause appearing, the court issues the following order.

BACKGROUND

        On December 15, 2008, plaintiff filed the underlying complaint in this action against defendant, alleging defendant violated the Fair Debt Collection Practices Act ("FDCPA") (15 U.S.C. § 1692) and state law through its harassing phone calls and threats to seize plaintiff's assets, garnish her wages, and sue her, causing her severe anxiety and stress, and at least one

episode of physical illness.  The summons and complaint were served on defendant on March 19, 2009, by leaving them with an agent of defendant, with follow up service by U.S. mail on March 20, 2009.  (Timothy Peabody, agent for service of process).  Fed. R. Civ. P. 4(h)(1).  Plaintiff followed up with substituted service on March 19, 2009.  Fed. R. Civ. P. 4(e)(1).  Pacific Atlantic Trading Co. v. M/V Main Express, 758 F.2d 1325, 1331 (9th Cir. 1985) (default judgment void without personal jurisdiction).  Defendant has failed to file an answer or otherwise appear in this action.  On April 22, 2009, the clerk entered default against defendant.

        Request for entry of default and the instant motion for default judgment and supporting papers were served by mail on defendant at its last known address.  Defendant filed no opposition to the motion for entry of default judgment.  Plaintiff seeks an entry of default judgment in the amount of $32,000.00.  Plaintiff also has moved for attorneys' fees and costs in the amount of $5,815.50.

DISCUSSION

        Entry of default effects an admission of all well-pleaded allegations of the complaint by the defaulted party.  Geddes v. United Financial Group, 559 F.2d 557 (9th Cir. 1977).  The court finds the well pleaded allegations of the complaint state a claim for which relief can be granted.  Anderson v. Air West, 542 F.2d 1090, 1093 (9th Cir. 1976).  The memorandum of points and authorities and affidavits filed in support of the motion for entry of default judgment also support the finding that plaintiff is entitled to the relief requested.  There are no policy considerations which preclude the entry of default judgment of the type requested. See Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

        Courts generally disfavor default judgments, however, especially those involving large sums.  See In Re Roxford Foods, Inc., 12 F.3d 875, 879 (9th Cir.1993);10A C. Wright, A. Miller & M. Kane, Federal Practice & Procedure: Civil 3d § 2681.  "The general rule of law is that upon default factual allegations of the complaint, *except those relating to amount of damages*, will be taken as true." Geddes, 559 F.2d at 560 (citing Fed. R. Civ. P. Rules 8(d),

55(b)) (emphasis added); see also Fair Housing of Marin v. Combs, 285 F.3d 899 (9th Cir.2002) (same).

Granting or denying default judgment is discretionary. See Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir.1986). Several factors may be relevant. See Eitel, 782 F.2d at 1471-72 (9th Cir.1986).[1]

"A judgment by default may not be entered without a hearing on damages unless ... the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." Dundee Cement, 722 F.2d at 1323 (citing Geddes); Davis v. Fendler, 650 F.2d 1154, 1161 (9th Cir.1981) (no hearing necessary when documents show judgment amount based on a definite figure); see also Fed. R. Civ. P. 55(b)(2) (the district court has the discretion to conduct or refuse a hearing on default judgment). A hearing on the issue of damages is not required as long as the court finds there is a basis for the damages specified. Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997). Affidavits or other documentary evidence is sufficient to evaluate the fairness of the amount requested. Tamarin v. Adam Caterers, Inc., 13 F.3d 51, 54 (2d Cir. 1993).

A. Statutory Damages

1. FCDPA

Plaintiff seeks $1,000 pursuant to § 1692k(a)(2)(A) of the FDCPA.

The FDCPA provides for damages of up to $1,000, and provides for factors to be considered by the court, including "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(a)(2)(A); (b)(1). Statutory damages are limited to $1,000 per action. Clark v. Capital Credit & Collection Services, Inc., 460 F.3d 1162, 1178 (9th Cir. 2006)

---

[1] Factors include: (1) possible prejudice to plaintiff; (2) the merits of plaintiff's substantive claim; (3) the complaint's sufficiency; (4) the sum at stake; (5) possible disputes about material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits. Eitel, 782 F.2d at 1471-72.

(limiting statutory damages to "one set of circumstances"); <u>Nelson v. Equifax Information Services, LLC</u>, 522 F. Supp.2d 1222 (C.D. Cal. 2007) (limiting statutory damages to "$1,000 per lawsuit, not $1,000 per violation").  The statute itself provides that "in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000 ..." 15 U.S.C. § 1692k(a)(2)(A).

Plaintiff's request for $1,000 in statutory damages under the FDCPA is supported by the allegations of plaintiff's complaint and should be awarded.

    2.  <u>Rosenthal Act</u>

Plaintiff also seeks $1,000 under Cal. Civ. Code § 1788.30(b).[2]  The Rosenthal Act also requires an intent that is knowing and wilful.  The court finds for the same reasons stated above in regard to the FDCPA, that plaintiff has made a sufficient showing, and that defendant has failed to show its violation was not intentional.

As to the requested amount of $1,000, California's Rosenthal Act provides in part:

> b) Any debt collector who willfully and knowingly violates this title with respect to any debtor shall, in addition to actual damages sustained by the debtor as a result of the violation, also be liable to the debtor only in an individual action, and his additional liability therein to that debtor shall be for a penalty in such amount as the court may allow, which shall not be less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000).

Unlike the FDCPA, the California Act provides that "any debt collector" shall be liable for up to $1,000.  Based on the complaint, plaintiff should recover $1,000 in statutory damages under the Rosenthal Act.

\\\\\

\\\\\

---

[2] The remedies under the Rosenthal Act "are intended to be cumulative and are in addition to any other procedures, rights, or remedies under any other provision of law." Cal. Civ. Code § 1788.32.

4

B. Actual Damages

Section 1692k(a)(1) also provides for actual damages. "Actual damages" are not defined by the FDCPA. The Ninth Circuit has not decided whether the state law of intentional infliction of emotional distress should apply or whether some lower standard akin to that used under the Fair Credit Reporting Act ("FCRA") should apply. See Costa v. National Action Financial Services, 2007 WL 4526510, *7 (E.D. Cal. 2007); Riley v. Giguiere, 631 F.Supp.2d 1295, 1314 (E.D. Cal. 2009). The undersigned need not address which standard should apply as the instant motion is not opposed. The affidavit submitted by plaintiff supports her request for mental suffering. (Ex. A to Mot. Default J.) Plaintiff states that as a result of defendant's harassing phone calls over a more than one month period, as well as threats to garnish her wages and commence litigation against her, plaintiff suffered stress, anxiety, one occasion of physical illness, and fear that money to provide for her baby would be taken. (Id.) However, the requested amount of $30,000 is unreasonable under these circumstances.

C. Attorneys' Fees and Costs

Plaintiff has filed a separate motion for $5,257.50 in attorneys' fees and $558 in costs incurred in the instant action.

Attorneys' fees are to be awarded to a prevailing plaintiff under the FDCPA. 15 U.S.C. 1692k(a)(3). In particular, under the FDCPA, some courts have ruled that an attorney fee award is mandatory in such cases. See, e.g. Zagorski v. Midwest Billing Services, Inc., 128 F.3d 1164 (7th Cir.1997). First, the court calculates the "lodestar figure" by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct.1933 (1983). Second, the court must decide whether to enhance or reduce the lodestar figure based on an evaluation of the Kerr factors that are not already subsumed in the initial lodestar calculation. Fischer v. SJB-P.D. Inc., 214 F.3d 1115 (9th Cir. 2000); Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir.1975). "A court is justified in relying on a requesting counsel's recently awarded fees when setting that counsel's

reasonable hourly rate." Abad v. Williams, Cohen & Gray, Inc., 2007 WL 1839914, *4 (N.D. Cal. 2007), *citing* Widrig v. Apfel, 140 F.3d 1207, 1210 (9th Cir.1998).

Plaintiff's attorneys request fees for a total of 19.1 hours of attorney work, consisting of 16.8 hours for Mr. Meier at a rate of $250 per hour, 1.7 hours for Mr. Sostrin at a rate of $250 per hour, and .6 hours for Mr. Kwun at a rate of $200 per hour. Plaintiff also seeks fees for 4.1 hours of work by other staff members at a rate of $125 per hour for legal assistants Seckel, Hense, and Flynn. (Ex. A to Pl.'s Mot.)

As there is no opposition by defendant, plaintiff's request for fees appears reasonable and should be granted.

Section 1692k(a)(3) also provides for recovery of "costs of the action." "Even though not normally taxable as costs, out-of-pocket expenses incurred by an attorney which would normally be charged to a fee paying client are recoverable as attorney's fees." Chalmers v. City of Los Angeles, 796 F.2d 1205, 1216 n. 7 (9th Cir.1986). The non-taxable costs of filing and serving the complaint, as well as the pro hac vice application fee for Mr. Meier fit this description. Therefore, plaintiff should be awarded $558 in costs.

CONCLUSION

In view of the foregoing findings, it is ordered that plaintiff shall, within fourteen (14) days, either set this matter on the court's calendar for proving up the $30,000 in actual damages, or shall file a statement that $25,000.00 is sufficient.

DATED: 01/20/2010

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

GGH:076/Molina2975.def.wpd